DLD-128                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4121
_____

TYREE LAWSON,
                                        Appellant
v.

BRENDA HAUPT, SUED IN HER INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-15-cv-00141)
District Judge:  Honorable Susan Paradise Baxter, Magistrate Judge

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: February 17, 2017)

OPINION[*]


PER CURIAM

    Tyree Lawson appeals from the judgment of the United States District Court for

the Western District of Pennsylvania.  We will summarily affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In June 2015, Lawson, a prisoner confined at SCI-Forest, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Brenda Haupt, SCI-Forest Corrections Unit Manager, retaliated against him after he exercised his First Amendment right to file a grievance. Specifically, Lawson claims that Haupt moved him from I Unit "privileged" housing to F Unit on December 4, 2014, in retaliation for his filing a grievance appeal. Lawson claims that F Unit is a "problematic" unit, and that he was also assigned to a cell with a "problematic" inmate.

In February and March 2016, the parties filed cross-motions for summary judgment. By order entered on September 28, 2016, the District Court[1] granted Haupt's motion for summary judgment, and denied Lawson's cross-motion for summary judgment. The District Court denied Lawson's motion for reconsideration. Lawson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Lawson has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over a district court order for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and

---

[1] Both parties consented to a Magistrate Judge's jurisdiction over this matter.

identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We agree with the District Court that summary judgment was proper with regard to Lawson's retaliation claim against Haupt. To establish a claim of retaliation, a prisoner must show: (1) that he was engaged in a constitutionally protected activity; (2) that he "suffered some 'adverse action' at the hands of the prison officials"; and (3) that the protected activity was "a substantial or motivating factor" in the prison officials' decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). The burden then shifts to the prison officials to prove "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Lawson satisfied the first prong of a prima facie First Amendment retaliation claim by filing his grievance. With regard to the second factor, we agree with the District Court's conclusion that Lawson has not established that he suffered the requisite adverse action. While Lawson insists that I Unit is an "honor" or "privileged" housing unit and when Haupt transferred him, it constituted an adverse action, he has failed to demonstrate what additional benefits or privileges the I Unit offers that the other housing units lack. Moreover, it is well-established that prisoners do not have a constitutional right to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983).

3

Lawson also fails to allege any causal connection between the filing of his grievance and his transfer to F Unit. By contrast, Haupt produced evidence demonstrating that she would have transferred Lawson out of I Unit, even if he had not engaged in a constitutional protected activity. In her summary judgment affidavit, Haupt stated that I Unit houses inmates who are eligible for outside clearance (R clearance), and others who, based on institutional need, are appropriate for level two housing – including maintenance workers, certain dietary workers, and commissary workers. As outside clearance-eligible inmates are identified and moved into I Unit, those who do not require I Unit housing are moved out to make bed space available. Lawson did not have an R code clearance and was not eligible for any of the jobs that would require placement in I Unit. Haupt stated that on December 4, 2014, five incoming inmates were either R code or had job categories that required I Unit housing, and the unit was at near full capacity. As a result, Haupt moved Lawson and two other inmates from the unit.[2] Moreover, Haupt contends that she has nothing to do with where transferred prisoners are placed in general population as the Inmate Employment Office handles all housing and bed assignments from that point, and she is not even told where the inmates are going. Lawson has not countered Haupt's statements by presenting facts that would create a genuine dispute of material fact. After considering the evidence of record, a reasonable finder of fact would have to conclude that Haupt would have made the same decision to

---

[2] Haupt stated that Lawson and several of the others who had been transferred out of I Unit had probably been placed there months earlier "because there was extra space at the time and no one gave the situation sufficient thought," but Lawson "probably should never have been housed there in the first place."

4

transfer Lawson out of legitimate penological interests regardless of any retaliatory motive.  See Rauser, 241 F.3d at 334.  Thus, the District Court properly granted summary judgment to Haupt.[3]

As there is no substantial question presented by this appeal, we will summarily affirm the judgment of the District Court.

---

[3] We further agree with the District Court's determination that allowing Lawson the opportunity to amend his complaint to more fully allege adverse action would be futile as Haupt has established that she would have transferred Lawson absent his filing of the grievance or appeal.